J-S09012-20

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

COMMONWEALTH OF PENNSYLVANIA : IN THE SUPERIOR COURT OF
: PENNSYLVANIA
:
v. :
:
:
STEVEN HALADA :
:
Appellant : No. 2779 EDA 2019

Appeal from the PCRA Order Entered September 9, 2019
In the Court of Common Pleas of Northampton County Criminal Division
at No(s): CP-48-CR-0002863-2006

BEFORE: SHOGAN, J., LAZARUS, J., and COLINS, J.[*]

MEMORANDUM BY SHOGAN, J.: **FILED MAY 01, 2020**

Appellant, Steven Halada, appeals from the order denying his petition filed pursuant to the Post Conviction Relief Act ("PCRA"), 42 Pa.C.S. §§ 9541-9546. In addition, counsel for Appellant has filed an application to withdraw and a no-merit letter pursuant to **Commonwealth v. Turner**, 544 A.2d 927 (Pa. 1988), and **Commonwealth v. Finley**, 550 A.2d 213 (Pa. Super. 1988) (*en banc*). We grant counsel's application to withdraw and affirm the order of the PCRA court.

The record reveals that on September 10, 2008, following a jury trial, Appellant was found guilty of luring a child into a motor vehicle and stalking.[1]

---

[*] Retired Senior Judge assigned to the Superior Court.

[1] 18 Pa.C.S. §§ 2910(a) and 2709.1(a)(1), respectively.

N.T., 9/10/08, at 126. On January 16, 2009, the trial court sentenced Appellant to a term of nine to thirty-six months of incarceration, followed by twenty-four months of probation, for luring a child into a motor vehicle, and a consecutive term of sixty months of probation for stalking. N.T., 1/16/09, at 28-31. Appellant did not file a direct appeal.

The PCRA court summarized the post-conviction procedural history of this case as follows:

> [Appellant's] first PCRA was filed on March 10, 2011 and resolved on January 3, 2012, by [Appellant's] Motion to withdraw.
>
> After a Gag[n]on II[2] hearing on November 4, 2016, [Appellant's] sentence of incarceration and parole [for luring a child into a motor vehicle] was closed out and [Appellant's] consecutive sentence of probation [for stalking] was [revoked]. [Appellant] was then resentenced to 6 months to 48 months [on the stalking conviction]. No direct appeal was filed.
>
> On November 18, 2016, [Appellant] filed his second Petition for PCRA relief under this docket number. As it was a timely petition attacking PCRA claims related to the [revocation] sentence, PCRA counsel was appointed. [Appellant] was brought in from the Department of Corrections for a PCRA Hearing held on February 27, 2017.
>
> On March 3, 2017, we denied and dismissed [Appellant's] Second PCRA [petition]. No direct appeal was filed.
>
> On August 9, 2019, [Appellant, *pro se*,] filed his third PCRA [petition] under this docket number[, which underlies the instant appeal]. We have reviewed [Appellant's] claims in his most recent filing and we cannot discern a cognizable claim. As best we can tell, [Appellant] alleges a general claim of ineffective assistance of counsel, a general, undefined claim of the "unavailability" of

---

[2] ***Gagnon v. Scarpelli***, 411 U.S. 778 (1973).

exculpatory evidence and, in the alternative, a "Constitutional claim" related to Habeas Corpus relief.

Even though [Appellant] has not provided a legal description or factual support for his claims, it is apparent that under the PCRA, these claims are time barred.

Notice of Intent to Dismiss Without Hearing Pursuant to Pa.R.Crim.P. 907, 8/15/19, at 2-3. On September 5, 2019, Appellant filed a response to the PCRA court's Rule 907 notice of intent to dismiss and asserted that this was not his third PCRA petition, claimed he was innocent of the charges against him, and requested a hearing.

On September 9, 2019, the PCRA court denied Appellant's PCRA petition concluding it was untimely. PCRA Order, 9/9/19. Appellant, *pro se*, filed a timely appeal on September 18, 2019, and on September 30, 2019, the PCRA court directed Appellant to comply with Pa.R.A.P. 1925. Counsel was appointed on October 8, 2019, and on October 18, 2019, in lieu of a Pa.R.A.P. 1925(b) statement of errors complained of on appeal, counsel filed a Pa.R.A.P. 1925(c)(4) statement informing the court that he intended to file a no-merit letter and a petition to withdraw.

On December 26, 2019, counsel filed an application for leave to withdraw, along with a **Turner/Finley** "no-merit" letter. Appellant has not filed a reply, and the Commonwealth has not filed a brief.

Prior to reaching the merits of Appellant's appeal, we must first decide whether counsel has fulfilled the procedural requirements for withdrawing representation. **Commonwealth v. Daniels**, 947 A.2d 795, 797 (Pa. Super.

2008). This Court has set forth the conditions that must be satisfied before counsel will be permitted to withdraw in a collateral appeal:

> Counsel petitioning to withdraw from PCRA representation must proceed ... under **Turner**, **supra** and **Finley**, **supra** and ... must review the case zealously. **Turner**/**Finley** counsel must then submit a "no-merit" letter to the trial court, or brief on appeal to this Court, detailing the nature and extent of counsel's diligent review of the case, listing the issues which [Appellant] wants to have reviewed, explaining why and how those issues lack merit, and requesting permission to withdraw.
>
> Counsel must also send to [Appellant]: (1) a copy of the "no merit" letter/brief; (2) a copy of counsel's petition to withdraw; and (3) a statement advising [Appellant] of the right to proceed *pro se* or by new counsel.
>
> *  *  *
>
> Where counsel submits a petition and no-merit letter that ... satisfy the technical demands of **Turner**/**Finley**, the court— trial court or this Court—must then conduct its own review of the merits of the case. If the court agrees with counsel that the claims are without merit, the court will permit counsel to withdraw and deny relief.

**Commonwealth v. Doty**, 48 A.3d 451, 454 (Pa. Super. 2012) (citation omitted).

In the application filed with this Court and the documents appended thereto, counsel explained that he was appointed to represent Appellant as PCRA counsel and that he reviewed the case, evaluated the issues, conducted a conscientious review of the record, and concluded there were no meritorious issues. Application for Leave to Withdraw, 12/26/19, at 1-2; **Turner/Finley** Letter at 7-10. Counsel also listed issues Appellant wanted to raise on appeal and explained why the appeal is without merit. **Turner/Finley** Letter at 7-8.

In addition, counsel averred that he served upon Appellant a copy of the application to withdraw, the brief, and a letter addressed to Appellant accompanying those documents, informing Appellant of his right to retain new counsel, proceed *pro se*, or raise any additional points that he deems worthy of the Court's attention. Application for Leave to Withdraw, 12/26/19, at 1-2; Letter, 12/26/19. Thus, we will permit counsel to withdraw if, after our review, we conclude that the claims relevant to this appeal lack merit.

In the **Turner/Finley** Letter, counsel presents the following issues on Appellant's behalf: 1) trial counsel was ineffective for failing to call witnesses at trial, file a post-sentence motion, and appeal; 2) appellate counsel was ineffective for failing to raise trial counsel's ineffectiveness; 3) appellate counsel was ineffective for inducing Appellant to waive his appellate rights; 4) the police officer who arrested Appellant allegedly faced disciplinary action; and 5) Appellant is actually innocent. **Turner/Finley** Letter at 7-8. Our standard of review of an order denying PCRA relief is whether the record supports the PCRA court's determination and whether the PCRA court's ruling is free of legal error. **Commonwealth v. Staton**, 184 A.3d 949 (Pa. 2018). We consider the record in the light most favorable to the prevailing party in the PCRA court. **Commonwealth v. Mason**, 130 A.3d 601 (Pa. 2015). We grant great deference to the PCRA court's findings that are supported in the record and will not disturb them unless they have no support in the certified record. **Commonwealth v. Rigg**, 84 A.3d 1080, 1084 (Pa. Super. 2014).

As noted above, the PCRA court concluded that Appellant's PCRA petition was untimely. PCRA Order, 9/9/19, at 1. It is well settled that no court has jurisdiction to hear an untimely PCRA petition. ***Commonwealth v. Monaco***, 996 A.2d 1076, 1079 (Pa. Super. 2010) (citation omitted).

A PCRA petition must be filed within one year of the date that the judgment of sentence becomes final. 42 Pa.C.S. § 9545(b)(1). A judgment of sentence "becomes final at the conclusion of direct review, including discretionary review in the Supreme Court of the United States and the Supreme Court of Pennsylvania, or at the expiration of time for seeking the review." 42 Pa.C.S. § 9545(b)(3). This time requirement is mandatory and jurisdictional in nature, and the court may not ignore it in order to reach the merits of the petition. ***Commonwealth v. Taylor***, 67 A.3d 1245, 1248 (Pa. 2013). The jurisdictional time bar can be overcome only by satisfaction of one of the three statutory exceptions codified at 42 Pa.C.S. § 9545(b)(1)(i)-(iii).[3]

---

[3] The exceptions to the timeliness requirement are:

> (i) the failure to raise the claim previously was the result of interference by government officials with the presentation of the claim in violation of the Constitution or laws of this Commonwealth or the Constitution or laws of the United States;

> (ii) the facts upon which the claim is predicated were unknown to the [Appellant] and could not have been ascertained by the exercise of due diligence; or

> (iii) the right asserted is a constitutional right that was recognized by the Supreme Court of the United States or the Supreme Court

*Commonwealth v. Spotz*, 171 A.3d 675, 678 (Pa. 2017). Furthermore, any PCRA petition invoking an exception must be filed within one year from the date the claim could have been presented. 42 Pa.C.S. § 9545(b)(2).[4] The PCRA petitioner bears the burden of proving the applicability of one of the exceptions. *Commonwealth v. Edmiston*, 65 A.3d 339, 346 (Pa. 2013).

Our review of the record reflects that Appellant's judgment of sentence became final on February 17, 2009,[5] thirty days after the trial court imposed sentence, and Appellant failed to file a timely direct appeal with this Court. 42 Pa.C.S. § 9545(b)(3); Pa.R.A.P. 903(a); *see also Commonwealth v. Hutchins*, 760 A.2d 50, 54 (Pa. Super. 2000) (reiterating that a judgment of sentence becomes final upon conclusion of direct review or upon expiration of

_____

> of Pennsylvania after the time period provided in this section and has been held by that court to apply retroactively.

42 Pa.C.S. § 9545(b)(1)(i-iii).

[4] We note that Section 9545(b)(2) was amended on October 24, 2018, and effective sixty days later on December 24, 2018. The amendment extended the time for filing a petition from sixty days of the date the claim could have been presented to one year. The amendment applies to claims arising on December 24, 2017, or thereafter. Act 2018, Oct. 24, P.L. 894, No. 146, § 3.

[5] The thirtieth day after the entry of Appellant's January 16, 2009 judgment of sentence was Sunday, February 15, 2009. Additionally, Monday, February 16, 2009, was President's Day. Accordingly, Appellant had until Tuesday, February 17, 2009, to file a direct appeal. *See* 1 Pa.C.S. § 1908 (stating that for computations of time, whenever the last day of any such period shall fall on Saturday or Sunday, or a legal holiday, such day shall be omitted from the computation).

time for seeking review). Thus, in order to be timely, Appellant needed to file his PCRA petition on or before February 17, 2010. Appellant did not file his PCRA petition until August 9, 2019. Accordingly, the instant PCRA petition is patently untimely.

We are cognizant that Appellant's probation was revoked and a new sentence was imposed on November 4, 2016. However, "this Court has held that only in limited situations will a probation revocation and resentencing reset the clock for purposes of determining the timeliness of a PCRA petition." *Commonwealth v. Garcia*, 23 A.3d 1059, 1062, n.3 (Pa. Super. 2011) (internal quotation marks and citations omitted). Only in instances "where the issues presented in the PCRA petition relate to the validity of the probation revocation hearing or the legality of the new sentence, then the timeliness of the PCRA petition is calculated using the date when the probation revocation sentence was imposed." *Id.*

In the case at bar, Appellant's issues relate to his 2009 conviction and lack of a direct appeal; he does not challenge the revocation of his probation or new sentence. Therefore, we conclude that the revocation of Appellant's probation and resentencing did not "reset the clock" for PCRA purposes. Nevertheless, and as noted by the PCRA court, even if we were to reset the clock and utilize Appellant's November 4, 2016 resentencing as the date on

which we begin our computation of time, the August 9, 2019 PCRA petition remains untimely.[6]  PCRA Order, 9/9/19, at 7.

As stated, if a petitioner does not file a timely PCRA petition, his petition may nevertheless be received under any of the three limited exceptions to the timeliness requirements of the PCRA. 42 Pa.C.S. § 9545(b)(1).  However, Appellant does not allege that the delay in filing his PCRA petition was due to interference by governmental officials, that the facts underlying his petition were unknown to him and could not have been ascertained by the exercise of due diligence, or that the right he has asserted is a retroactive constitutional right. 42 Pa.C.S. § 9545(b)(1)(i)-(iii). Thus, Appellant fails to invoke any of the timeliness exceptions contained in the PCRA.  Therefore, the instant PCRA petition remains time-barred.

In conclusion, because Appellant's PCRA petition was untimely and no exceptions apply, the PCRA court lacked jurisdiction to address the issues presented and grant relief.  ***See Commonwealth v. Fairiror***, 809 A.2d 396, 398 (Pa. Super. 2002) (holding that PCRA court lacks jurisdiction to hear untimely petition).  Likewise, we lack the authority to address the merits of any substantive claims raised in the PCRA petition.  ***See Commonwealth v.***

---

[6] Appellant was resentenced on November 4, 2016, and he did not file an appeal.  Therefore, for purposes of the PCRA, his judgment of sentence would have become final thirty days later on Monday, December 4, 2016, and a PCRA petition would have been due on or before December 4, 2017.  However, Appellant's PCRA petition was not filed until more than twenty months later on August 9, 2019.

**Bennett**, 930 A.2d 1264, 1267 (Pa. 2007) ("[J]urisdictional time limits go to a court's right or competency to adjudicate a controversy."). Furthermore, we have conducted our own review of the record, and we conclude no relief is due. Having determined that Appellant is not entitled to PCRA relief, we grant counsel's application to withdraw, and we affirm the order denying Appellant's PCRA petition.

Application to withdraw as counsel granted. Order affirmed.


*Judgment Entered.*

Joseph D. Seletyn, Esq.
Prothonotary


*Date: 5/1/2020*